NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-77

COMMONWEALTH

vs.

JENNIFER R. GRAYSON.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The appellant, Jennifer R. Grayson, appeals from the order, issued without a hearing, of a District Court judge denying Grayson's petition to seal her criminal records.  Because we find no abuse of discretion, we affirm.

Background.  In 2018, Grayson was charged in the District Court with (1) operating under the influence of drugs (OUI), (2) negligent operation of a motor vehicle, (3) possession of a class B substance, and (4) two civil motor vehicle infractions (first case).  In 2020, she admitted to sufficient facts for a finding of guilty as to the OUI and drug possession charges.  A judge continued both charges without findings for one year; the Commonwealth entered a nolle prosequi on the negligent operation

charge.[1]  It appears that both charges were ultimately dismissed in March 2021.  In a separate District Court case, Grayson was charged in 2019 with operating with a suspended license (second case).[2]  In October 2021, in the second case, Grayson pleaded guilty to the criminal charge and the judge imposed a ten-day sentence suspended for six months.  Grayson's probation in the second case was terminated in April 2022.

In the fall of 2022, relying on G. L. c. 276, § 100C, Grayson petitioned a judge of the District Court to seal the record of each of the criminal charges in the first and second cases.  The judge concluded that Grayson failed to show a prima facie case in favor of sealing, and so denied her petition without a hearing.[3]  Grayson appealed.  Because we discern no abuse of discretion in the judge's ruling, we affirm.[4]

Discussion.  General Laws c. 276, § 100C, mandates the sealing of the records of "any criminal case wherein the defendant has been found not guilty by the court or jury, or a no bill has been returned by the grand jury, or a finding of no

_____

[1] The judge found Grayson not responsible for the two civil infractions.

[2] She was also cited for two civil motor vehicle infractions. She was found not responsible for each of them.

[3] This was Grayson's second unsuccessful attempt to seal the records of the first case.  Her first petition, filed in 2021, had also been denied.

[4] In reaching this conclusion, we assume without deciding that Grayson has supported her argument as required by Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1629 (2019).

probable cause has been made by the court,"[5] G. L. c. 276, § 100C, first para., and grants to judges the discretion to seal the records "[i]n any criminal case wherein a nolle prosequi has been entered, or a dismissal has been entered by the court, and it appears to the court that substantial justice would best be served."[6]  G. L. c. 276, § 100C, second para.  See Commonwealth v. Pon, 469 Mass. 296, 321 (2014).

A defendant petitioning to seal a record pursuant to G. L. c. 276, § 100C, second para., must "set[] forth facts that demonstrate good cause" for the request.  Pon, 469 Mass. at 322. In assessing "good cause" for the purposes of § 100C, second para., judges must balance the government's interest in the public's "right to know" with the defendant's interest in privacy.  See id. at 314-315.

> "At a minimum, judges should evaluate the particular disadvantages identified by the defendant arising from the availability of the criminal record; evidence of rehabilitation suggesting that the defendant could overcome these disadvantages if the record were sealed; any other evidence that sealing would alleviate the identified disadvantages; relevant circumstances of the defendant at the time of the offense that suggest a likelihood of recidivism or of success; the passage of time since the offense and since the dismissal or nolle prosequi; and the nature of and reasons for the particular disposition."

---

[5] The defendant may override this mandate, however, by "'mak[ing] a written request to the commissioner' not to seal the records of the proceedings."  Commonwealth v. J.F., 491 Mass. 824, 840 (2023), quoting G. L. c. 276, § 100C, first par.
[6] General Laws c. 276, § 100C, does not provide for the sealing of records of guilty findings.  Compare G. L. c. 276, § 100A.

3

Id. at 316. Notably, "a judge may determine on the pleadings whether a prima facie showing [of good cause] has been made." Id. at 322. Where, as here, a petitioning defendant fails to make this preliminary showing, she is not entitled to a hearing on the merits of the petition. See id. at 321-322.

Here, we discern no abuse of discretion in the judge's conclusion that Grayson's petition and supporting papers should be summarily dismissed because they failed to make the required prima facie case for sealing the records of the criminal charges in the first and second cases. Addressing the two cases out of order, we first note that the only disposition at issue in the second case was a guilty finding on the suspended license charge. Where nothing in § 100C contemplates the sealing of guilty findings, Grayson's petition necessarily failed to make out a prima facia showing of her entitlement to sealing of that record. See Commonwealth v. Perez Narvaez, 490 Mass. 807, 809 (2022), quoting Cavanagh v. Cavanagh, 490 Mass. 398, 405 (2022) ("In interpreting the meaning of a statute, we look first to the plain statutory language"); Commonwealth v. McLeod, 437 Mass. 286, 294 (2002) (court "will not add words to a statute that the Legislature did not put there").

As to the two charges in the first case to which Grayson admitted sufficient facts, we discern no abuse of discretion in the judge's determination that Grayson failed to make a prima

4

facie case for sealing them.  See Pon, 469 Mass. at 316.
Neither Grayson's statement under oath in the body of the
petition nor the letters attached to her petition provided
adequate detail to permit the judge to identify or evaluate any
"particular disadvantages" to Grayson arising from the
availability of the criminal record.  Contrast id. at 319-321.
Absent a prima facie showing in favor of sealing the record of
the second case, the judge was not required to hold a hearing on
Grayson's petition and acted within her discretion in denying
Grayson's request for sealing of the challenged records.  See
id. at 322 & n.38-40.

Order denying petition to
  seal records affirmed.

By the Court (Hand,
  Hershfang & Brennan, JJ.[7]),

Assistant Clerk

Entered:  January 31, 2024.

---

[7] The panelists are listed in order of seniority.